UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION 1:04-CV-132(M)**

**DEBRA LYNN HONAKER**                                                **PLAINTIFF**

**V.**

**INNOVA, INC. AND HSN LP**                                           **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion in Limine to Exclude the Testimony of the Plaintiff's Witness.  Fully briefed, this matter is ripe for decision.  Finding that the Plaintiff's expert does not establish a scientific basis for his opinion, his testimony is excluded.  The Defendant's Motion to Exclude is GRANTED [DN 24].

**I.  Facts**

The Plaintiff, Debra Honaker, was severely injured in an accident involving a pressure cooker.  Honaker's complaint alleges that the pressure cooker was defective and/or unreasonably dangerous.  Defendant Innova, Inc. is the manufacturer of the cooker and Defendant HSN LP was the retailer of the product.  To support her position, Honaker hired an expert to examine the pressure cooker involved in her accident.  Her expert, Dr. Fred A. Payne, holds a doctoral degree in agricultural engineering and is a professor of food engineering at the University of Kentucky.  In addition to his experience as a food engineer,

Dr. Payne owns a company that manufactures sensors for the food industry.

A pressure cooker cooks food by producing steam which is contained within the cooker and is highly pressurized. The device contains several mechanisms to prevent the steam pressure within the cooker from reaching an unsafe level. The cooker involved in Honaker's accident is an eight quart cooker. It consists of a pot with an interlocking lid. The pot is designed so that six prongs or flanges extend horizontally outward from the brim of the pot. The lid to the cooker has six flanges that drop vertically from the edge of the lid and then turn under towards the center of the lid. The pot and lid are designed so that in order for them to lock together, the lid must be laid on top of the pot and then rotated, so that the flanges of both pieces fit together. The flanges on the lid wrap around and underneath the flanges on the pot. This is meant to create a system where the lid cannot be pulled directly off without first being rotated to unlock the interconnected pieces on the pot and lid.

Both parties agree that one of the flanges on Honaker's pot tilts at an angle that is different from the other tabs. In order to form an opinion about what may have happened in Honaker's accident, Dr. Payne took extensive measurements on Honaker's pressure cooker. Dr. Payne's measurements indicated that the pot's third tab had a "14% reduction in bend distance" when compared to the other tabs. Payne's Report, p. 10. This led Dr. Payne to postulate that Tab 3 was "the weak link and the cooker top would come off at flange 3 first." Id. at 11. Dr. Payne further theorized about the cause of Honaker's accident. Dr. Payne suggests that prior to Honaker's accident, the bottom of the cooker cooked dry, but that steam condensation existed on the green beans in the cooker, which were suspended above the pot's

bottom in a steam basket. When Honaker moved the pot, Dr. Payne believes that liquid dropped from the green beans to the dry cooker bottom. His opinion is that the liquid then flash vaporized and caused the pot to explode, starting with the weakness at Tab 3. Dr. Payne believes that all of these situations would have to exist for the accident to have happened in the way Honaker describes it. Payne Depo. p. 52-53. Because of the intricacies of his theory, Dr. Payne testified that it would be "difficult" to test his theory. Payne Depo. p. 28-29.

## II. Discussion

For expert testimony to be admissible in court, the testimony must be reliable and relevant. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999)(the Daubert standards for scientific testimony apply to all expert testimony). Federal Rule of Evidence 702 establishes the baseline regarding the admission of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Daubert interpreted Rule 702, and held that for expert testimony to be admissible, an expert must hold scientific knowledge which may be verified by the scientific method. Daubert, 509 U.S. at 590.

Courts are therefore required to assess whether an expert's testimony is based on

scientific knowledge. Id. at 592. Daubert lists several factors which are helpful in making this determination: (1) Can the expert's theory be tested and has it been tested? (2) Has the theory been subjected to peer review or publication? (3) What is the known or potential rate of error? (4) Is the theory generally accepted? Daubert, 509 U.S. at 593-94. Although the Daubert inquiry is intended to be flexible, the Court concludes that Dr. Payne's methodology fails to satisfy the scientific standards of Daubert and Rule 702 itself.

Dr. Payne took exacting measurements of Honaker's pressure cooker. However, Dr. Payne himself admits that his theory about Honaker's accident has not been tested and that it would be difficult to do so. Dr. Payne's theory has not been subjected to peer review or publication–at any level. His explanation of Honaker's accident contains several theories: the pot bottom boiling dry, the condensation of steam, dripping water caused by movement, and instantaneous flash vaporization. None of the mini-theories which are contained in Dr. Payne's explanation have been tested or subjected to peer review. Because there have been no tests, there is no information on his theory's rate of error and there is no information indicating that his theory is or would be generally accepted within the scientific community. Not one of the Daubert factors indicates that Dr. Payne's testimony satisfies the standards required of an expert witness planning to offer scientific opinions.

### III. Conclusion

Based on the above discussion, the Court concludes that the testimony of Dr. Payne must be excluded because it fails to satisfy the standards of admissibility as defined in Federal Rule of Evidence 702 and Daubert. The Defendants' Motion in Limine to Exclude

the Testimony of Plaintiff's Expert Fred A. Payne is GRANTED [DN 24].

cc: counsel of record