UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION 1:04-CV-132(M)**

**DEBRA LYNN HONAKER**                                                               **PLAINTIFF**

**V.**

**INNOVA, INC. AND HSN LP**                                            **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Honaker's Motion for Leave of Court to Amend the Complaint. Fully briefed, the issue is ripe for decision. For the reasons provided herein, leave to amend is DENIED [DN50].

**I. Facts**

Plaintiff brings suit against the Defendants alleging that a pressure cooker manufactured by Innova, Inc. and sold by HSN LP was defective and/or unreasonably dangerous, causing severe injury to Honaker. Honaker now asks for leave of Court to amend her complaint to include claims of improper UL listing and *res ipsa loquitur*.

**II. Standard of Review**

Leave to amend is to be freely granted, but several factors may justify a denial of leave. Those factors include situations where "(1) the moving party has engaged in undue delay; (2) the movant has pursued the amendment in bad faith or with a dilatory motive; (3) the amendment would cause the non-movant undue prejudice; or (4) the amendment would be futile." Industrial Assets,

Inc. v. Capital Equipment Sales Co., Inc., 1997 WL 359061, *3 (6th Cir. 1997).

### III. UL Listing

Honaker urges the court to allow an amendment to the complaint to allege a claim of improper UL listing. Honaker cites no precedent for inclusion of such a claim. Underwriters Laboratory is a company that tests products for public safety, and is not a party to this action. Honaker states that "[t]he UL listing for Innova model number 42008 has been pulled; therefore, since the same safety features are contained in that model number as 42018, the Honaker pressure cooker model number 42018 is unsafe as well." Plaintiff's Reply Brief, p. 3. In this vein, Honaker seems to confuse the matter of a claim with an issue of evidence. While a UL listing may have relevance to a product's safety, there is no precedent for allowing a claim to proceed against a product manufacturer based solely on a UL listing. A claim for improper UL listing does not state a claim for which relief may be granted.

### IV. *Res Ipsa Loquitur*

The Plaintiff also requests leave of Court to amend her complaint to include claims of *res ipsa loquitur*. In this case, Honaker alleges claims against a pressure cooker manufacturer and retailer for injuries that Honaker experienced while using her pressure cooker in her own home. The application of *res ipsa loquitur* "is predicated upon the conditions that the instrumentality which has produced the injury is within the exclusive possession, control and management of the person sought to be charged; that the accident is such as in the ordinary course of things does not happen if the person in control shows proper care; and that in the absence of explanation by the person sought to be charged, an inference or presumption is raised that the injury arose from, or was caused by, want of care." Reibert v. Thompson, 194 S.W.2d 974, 975-76 (Ky. 1946). *Res ipsa* is merely a standard

of evidence, and is not a legal claim.  DUAP AG v. United Exposition Service Co., Inc., 1988 WL 40858, *5 (N.D. Ill. 1988); Tamura, Inc. v. Sanyo Electric, Inc., 636 F.Supp. 1065, 1067-68 (N.D. Ill. 1986)(overruled on other grounds).  *Res ipsa loquitur* is a method of proving negligence, and the lack of inclusion in Honaker's complaint does not preclude her from presenting the theory.

### V.  Conclusion

An improper UL listing does not state a claim for which relief can be granted, nor does *res ipsa loquitur* constitute a claim.  Thus, an amendment to the Plaintiff's complaint would be futile.  For the reasons given herein, Plaintiff's Motion for Leave to Amend is DENIED [DN 50].

cc: counsel of record