## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION 1:04-CV-132(M)**

**DEBRA LYNN HONAKER**                                        **PLAINTIFF**

**V.**

**INNOVA, INC. AND HSN LP**                                   **DEFENDANTS**

### OPINION AND ORDER

This matter is before the Court on Plaintiff Debra Lynn Honaker's Motion to Strike or Motion to Exclude Defendant's Expert J. Roland Yow.  The Plaintiff also requests a hearing on the matter.  The Court finds a hearing unnecessary.  For the reasons stated herein, the Plaintiff's Motion is DENIED [DN 49].

### I.  Facts

Plaintiff brings suit against the Defendants alleging that a pressure cooker manufactured by Innova, Inc. and sold by HSN LP was defective and/or unreasonably dangerous, causing severe injury to Honaker.  The Defendants have secured the testimony of Dr. J. Roland Yow, an expert who specializes in mechanical engineering, to testify that the pressure cooker was not dangerous.  Honaker has been provided with Dr. Yow's expert report and Honaker's counsel has deposed Dr. Yow on the substance of his intended

testimony.  Honaker now requests the Court to strike Dr. Yow's report, or in the alternative,

to exclude Dr. Yow as a witness.

## II. Discussion

Fed. R. Civ. Pro 26(a)(2)(B) provides that when a witness "is retained or specially

employed to provide expert testimony" the opposing party shall be provided with a disclosure

that contains:

> [A] complete statement of all opinions to be expressed and the basis and
> reasons therefore; the data or other information considered by the witness in
> forming the opinions; any exhibits to be used as a summary of or support for
> the opinions; the qualifications of the witness, including a list of all
> publications authored by the witness within the preceding ten years; the
> compensation to be paid for the study and testimony; and a listing of any other
> cases in which the witness has testified as an expert at trial or by deposition within the preceding

As an enforcement mechanism for Rule 26, Rule 37 allows sanctions for parties that

fail to comply with the disclosure requirements of Rule 26(a).  Rule 37(c)(1) provides that

a "party that without substantial justification fails to disclose information required by Rule

26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any

witness or information not so disclosed."  Fed. R. Civ. Pro. 37(c)(1).  Thus, when a failure

to disclose information in an expert report causes harm to an opposing party, the omitted

information may not later be used at trial.

Sanctions are appropriate following failures to make Rule 26 disclosures.  Vance v.

United States, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999).  But sanctions

are not proper when a violation is harmless or substantially justified.  Id.  To avoid sanctions,

the burden lies with the "potentially sanctioned party to prove harmlessness."  Roberts v.

2

Galen of Virginia, 325 F.3d 776, 782 (6th Cir. 2003).

### A.  Publications and Former Testimony

In this case, the Plaintiff alleges that the Defendants failed to make the necessary disclosures as required by Rule 26 in relation to Expert Dr. Yow.  The facts indicate that some required disclosures were omitted, such as a listing of Dr. Yow's publications and a list of cases in which he had previously testified.  The Defendants submit that any omissions in disclosure were harmless and caused no prejudice to Honaker.  Honaker argues that she was harmed by the failure to disclose because it caused the deposition of Dr. Yow to be lengthy and caused the plaintiff to incur greater expenses. However, Dr. Yow's CV states that a list of publications is available upon request.  While the Defendants should have provided such a list, the Court is unpersuaded that the omission has caused harm to Honaker.  When deposing Dr. Yow, Honaker's counsel never asked for the names of the cases in which he testified.  Honaker never requested a list of publications or former experiences as an expert witness from the Defendants and had opportunity to discover this information during the deposition of Dr. Yow.  Honaker was not harmed by the report's omissions related to Dr. Yow's experience.

### B.  Water in Cooking Cycles

Honaker also argues that Dr. Yow's report was incomplete in failing to include information about cooking green beans or using water in Honaker's pressure cooker. Honaker argues that the lack of information included in Dr. Yow's report caused surprise at Dr. Yow's deposition when Dr. Yow said that water was used while testing Honaker's

3

cooker.  But Dr. Yow's report indicated that he had operated the pressure cooker through sixteen cooking cycles and that every cycle was "normal."

Dr. Yow's report referenced two different cycles of testing which seem to be confused in the briefing on this matter.  In the first cycle, reference on page 11 of Dr. Yow's report in section 4.1, Dr. Yow explains that he ran the cooker through sixteen cooking cycles, and that all of them were normal.  The second testing cycle is explained on pages 12 and 13, in section 4.2.  In the second testing cycle, Dr. Yow added dry air to pressure cookers similar to Honaker's in order to determine what pressure was necessary to cause an explosion-like failure.  It is clear that  during the failure testing, or the second testing cycle, no water was use.  The record is also clear that normal use of a pressure cooker requires the use of water to create steam.  Thus, there should be no surprise that water was used in the first testing cycle where Dr. Yow explained that there were sixteen normal cooking cycles.  The fact that a normal pressure cooker cooking cycle included water cannot be deemed the type of surprise that would warrant sanctions or exclusions.  The Court finds that Dr. Yow's report was complete as it related to the cooking cycles and the use of water, and any related omissions in the report were harmless.

### C.  Pressure Cooker Spring

The pressure cooker contained a component called a "lock guide spring."  Dr. Yow's report states that "[a]s part of our investigation, it was determined that the spring in the plaintiff's cooker is not strong enough to maintain this unsealed position."  The plaintiff agrees with this conclusion.  Nonetheless, Honaker submits that Dr. Yow's testimony related

4

to the spring should be excluded because of Dr. Yow's failure to state a basis for his opinions and conclusions.

Honaker's argument overlooks the substance of Dr. Yow's testimony regarding the spring.  While it is true that Dr. Yow did not test the spring to determine the cause of its failure, the point of his testimony is that the failure of the spring is inconsequential when considered alongside the other safety features on the pressure cooker.  Dr. Yow's report merely posits possible theories as to why the spring may be dysfunctional and Dr. Yow does not offer unsubstantiated testimony on the cause of the spring's failure, therefore there is no cause to exclude his testimony related to the lock guide spring.

### III.  Conclusion

Based on the reasoning provided herein, Honaker's Motion in Limine to Exclude the Defendant's Expert J. Roland Yow is hereby DENIED [DN 49].  Finding oral argument on the matter unnecessary, Honaker's related request for a hearing is also DENIED [DN 49].

cc: counsel of record