**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION 1:04-CV-132(M)**

**DEBRA LYNN HONAKER** **PLAINTIFF**

**V.**

**INNOVA, INC. AND HSN LP** **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Set Aside the Opinion and Order entered on December 13, 2006. The Plaintiff also requests a hearing on the matter. The Court finds a hearing unnecessary. For the reasons stated herein, the Plaintiff's Motion is DENIED [DN56]. Defendant's Motion to Strike the Deposition of Edwin Zucker attached as an exhibit to Plaintiff's Reply is GRANTED [DN 80].

### I. Facts

Defendants filed a Motion to Exclude the Plaintiff Debra Lynn Honaker's expert in November, 2006. Honaker responded, the Defendants' reply followed on November 30, 2006. The motion was then ripe, and the Court issued an opinion and order granting the Defendant's Motion to Exclude on December 13, 2006. On the same day that the Court issued its opinion and order, Honaker filed a "Response to Reply" to the Defendants' reply. Honaker now requests the court to set aside its order excluding her expert, submitting that

because the order was entered on the same day the "Response to Reply" was filed, the order should be vacated.

## II. Standard of Review

The Plaintiff's Motion to Set Aside will be reviewed as motion to reconsider. Motions to reconsider are treated as motions to alter or amend a judgment under Fed. R. Civ. Pro. 59(e). McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 382 (6th Cir. 1991). Rule 59(e) provides that a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Granting or denying "a Rule 59(e) motion is within the informed discretion of the district court." Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). The Plaintiff's Motion to Set Aside, filed over a month after the entry of the relevant order, is procedurally time-barred. Nonetheless, in an abundance of caution, the Court will consider the merits of Honaker's Motion.

## III. Discussion

Plaintiff submits several reasons why the Court's opinion and order excluding her expert should be set aside. The arguments will be addressed in turn.

### A. Failure to Consider a Surreply

Honaker submits that the Court failed to consider her surreply before excluding Dr. Payne. Honaker filed a "response to reply" on the same day the order excluding the plaintiff's expert was entered. The "response to reply" was what would ordinarily be termed a "surreply." Local rules do not provide for the filing of a surreply. LR 7.1(d). As a matter of practice, parties who wish to file a surreply generally seek leave of the Court to have a

surreply considered. No such request was filed in this case. The Defendants' Motion to Exclude was ripe for nearly two weeks before Honaker's surreply was filed. Fully briefed and ripe for decision, the Court was not remiss to file the relevant opinion and order.

The Court is under no duty to consider a surreply filed without leave of the Court. Nonetheless, the Court has considered the surreply upon its reconsideration of its decision entered on December 13. Nothing contained in the surreply would have altered or changed the Court's findings. The surreply was largely composed of the deposition testimony of Dr. Fred Payne, which the Court had already seen and considered. Having now considered the surreply, the Court again finds that the testimony of Dr. Fred Payne does not comply with the standards of Daubert. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

**B. Dimensional Testing**

Honaker submits that Dr. Payne performed dimensional testing on the pressure cooker, and therefore completed tests and complied with the scientific method. The Court's prior opinion acknowledged that Dr. Payne took exacting measurements of the pressure cooker. What he failed to do was complete any testing that would indicate how the measurements lead to a conclusion that the pot exploded after a flash vaporization. Dr. Payne himself admitted that it would be difficult to test his theory. Dr. Payne's measurements alone do not satisfy the Daubert standards of scientific testing. See Daubert, 509 U.S. 579.

**C. Peer Review**

Honaker submits that Dr. Payne's theories were submitted to the peer review of the Defendants' expert, Dr. Yow, and therefore should not be excluded. Further, Honaker submits that Edwin Zucker provided peer review. Dr. Payne acknowledged that his theory would be difficult to test, and that indeed, it had not been fully tested. Having failed to perform tests to buttress his theory, it is implausible that such theory or testing could be submitted to scientific peer review. Review by only one person does not constitute peer review. "[A] review of an examiner's results by a second examiner, particularly one who knows the first examiner's results, does not constitute meaningful peer review." U.S. v. Sullivan, 246 F.Supp.2d 700, 703 (E.D.Ky., 2003). The opposing expert's consideration of Dr. Payne's theory does not constitute peer review in satisfaction of Daubert standards. See Daubert, 509 U.S. 579.

In her reply regarding her Motion to Set Aside, Honaker submitted the deposition of Edwin Zucker, who was deposed as an expert witness in the case of Wise v. Innova, 3:05cv53, W.Va. 2005. Honaker argues that Edwin Zucker's testimony constitutes peer review of Dr. Payne's deposition testimony. Zucker's testimony occurred several months after that of Dr. Payne, and was not submitted to the Court until after Dr. Payne's testmony was excluded. "[I]t is simply not reasonable after Daubert for a party initially to present 'less than [her] best expert evidence in the expectation of a second chance' to 'shore[ ] up' her case after her expert testimony is ruled inadmissible." Pride v. BIC Corp. 218 F.3d 566, 581 (6th Cir. 2000), citing Weisgram v. Marley Co., 528 U.S. 440, 455-56 (2000). Honaker has

attempted to buttress Dr. Payne's testimony and create a second chance to introduce an expert by submitting the deposition of Zucker. Zucker's expert testimony is not admissible because it is expert testimony not disclosed according to Fed. R. Civ. Pro. 26(a)(2). Federal Rules provide that when a party fails to make Rule 26 disclosures, and those failures are not harmless, the party may not use the non-disclosed evidence "at a trial, a hearing, or on a motion." Fed. R. Civ. Pro. 37(c)(1); see also King v. Ford Motor Co., 209 F.3d 886, 900-901 (6th Cir. 2000). Zucker's testimony is non-disclosed expert testimony which would cause harm to the Defendants, since the Defendants did not defend against Zucker's testimony in the case at bar. Zucker's testimony does not substantiate the testimony of Dr. Payne because Zucker's testimony does not lend credence to Dr. Payne's theory about the cooker's tabs. Further, the deposition is hereby stricken from the record and shall not be considered in other pending motions.

**D. Generally Accepted Theory**

Honaker's final argument in favor of her Motion to Set Aside is that Dr. Payne's theory is generally accepted in the engineering field. Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Honaker submits that Rule 702 allows admission of testimony when a secondary or

competing principle is applied that is accepted within an area of expertise. Honaker further argues that Dr. Payne's measurements constitute testing and are an accepted method for reaching scientific conclusion. Honaker cites Heller v. Shaw Industries for the proposition that expert testimony cannot be excluded because one test rather than another is used when both tests are accepted in the field and reach reliable results. Heller v. Shaw Industries, 167 F.3d 146, 160 (3rd Cir. 1999). Dr. Payne did take measurements, which Honaker refers to as "dimensional testing." Nothing in Dr. Payne's deposition, however, actually indicates that his measurements should be analogized to testing. Nor has any evidence been submitted that taking measurements is an accepted or reliable way to explain an explosion of a pressure cooker. Dr. Payne's measurements did not constitute testing and do not satisfy the standards of Daubert reliability. See Daubert, 509 U.S. 579 (1993).

**IV. Conclusion**

The arguments presented in the Motion to Set aside had previously been presented to and considered by the Court. For the reasons discussed here, Honaker's Motion to Set Aside is DENIED [DN 56]. Defendant's Motion to Strike Deposition of Edwin Zucker is GRANTED [DN 80].

**Joseph H. McKinley, Jr., Judge**
**United States District Court**

April 23, 2007

cc: counsel of record