UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION 1:04-CV-132(M)**

**DEBRA LYNN HONAKER**                                        **PLAINTIFF**

**V.**

**INNOVA, INC. AND HSN LP**                                   **DEFENDANTS**

**OPINION AND ORDER**

This is a products liability action in which Plaintiff claims injury due to a defective or unreasonably dangerous pressure cooker. Defendants have requested summary judgment in their favor. The Plaintiff has requested oral argument, but the Court find a hearing unnecessary and the request is DENIED [DN 58]. The Motion for Summary Judgment is GRANTED [DN 48, mooting DN 42 and 44]. Plaintiff's Motion for Enlargement of Time is DENIED as moot [DN 72].

**I. Facts**

Plaintiff Honaker filed a Complaint against Innova, Inc., and HSN LP. Innova manufactured a pressure cooker which was sold by HSN. Honaker was later seriously injured in an accident involving the cooker. Honaker filed suit against Innova and HSN, claiming that she was injured when the pressure cooker exploded. Honaker further alleged that the pressure cooker was defective or unreasonably dangerous, and that the defect caused

her personal injuries. Honaker seeks compensatory and punitive damages from the Defendants.

Honaker submitted an expert who claimed that the pressure cooker exploded due to a bent tab that was part of the mechanism that closed and locked the pressure cooker. After considering the relevant Daubert factors, the Court excluded the expert. Upon the request of Honaker, the Court has since reconsidered that decision and again found that Honaker's expert is not qualified to give testimony in this case. Defendants have requested summary judgment in their favor.

**II. Standard of Review**

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

**III. Discussion**

Plaintiff has alleged product liability claims of a defective product and an unreasonably dangerous product. To prevail on her claims, Plaintiff must provide evidence that the pressure cooker "failed to perform as intended, either because of the [defendant]'s negligence or because of an unreasonably dangerous condition." Thomas v. Manchester Tank & Equipment Corp., 2005 WL 3673118, *1 (W.D. Ky. 2005). It is the burden of the Plaintiff to establish the defect. Id. Circumstantial evidence may demonstrate the defect if the evidence is "sufficient to tilt the balance from possibility to probability" that the pressure cooker was defective and therefore caused the plaintiff injury. Morales v. American Honda Motor Co., Inc., 151 F.3d 500, 507 (6th Cir. 1998). Evidence that induces mere "surmise or speculation" does not establish a defect. See Highway Transport Co. V. Daniel Baker Co., 398 S.W.2d 501, 502 (Ky. 1966).

Expert testimony is almost always needed to meet the plaintiff's burden in a products liability case. "Expert witnesses are generally necessary, indeed essential, in products liability cases, as they are in medical malpractice actions, to prove such matters as a product defect and proximate causation, unless of course the nature of the defect and resultant injuries

are so obvious as to fall within the general knowledge of the ordinary person." William S. Hanes, Kentucky Jurisprudence: Torts § 21-28 (1987); Stevens v. Keller Ladders, 1 Fed.Appx. 452, 458 (6th Cir. 2001). Technical issues require expert testimony, while matters of general knowledge do not.

The question as to whether an expert is required thus becomes whether the nature of the defect and the resultant injuries are within the knowledge of an ordinary person. The Tenth Circuit has found that the safety and engineering aspects of pressure cookers are not within the knowledge of an ordinary person. Randolph v. Collectramatic, Inc., 590 F.2d 844, 848 (10th Cir. 1979)(witness who had extensive work experience dealing with pressure cookers could not testify as to a pressure cooker's allegedly defective design). This Court agrees with the Tenth Circuit, and finds that an ordinary person cannot testify in this case as to the safety or engineering of Honaker's pressure cooker. Pressure cooker design and safety is the type of specialized knowledge that is only within the purview of a qualified expert. Having no such expert to establish the defect or causation related to the Plaintiff's pressure cooker, the Plaintiff fails to meet her burden to move forward.

The evidence submitted by the Plaintiff is insufficient to shift the likelihood of product defect from possibility to probability. At trial, the jury would be left to speculate whether the product malfunctioned, whether the malfunction was caused by a defect, whether the product was operated correctly, whether it was property maintained, or to theorize as to any other possibilities. See Thomas, 2005 WL 3673118 at *3. The Plaintiff has failed to demonstrate that there is a material issue of fact which remains for trial. The Plaintiff cannot

meet her burden of proof in this case and summary judgment in favor of the Defendants is appropriate.

## IV. Evidentiary Concerns

The Defendants objected to exhibits attached to the Plaintiff's Response to Defendants' Motion for Summary Judgment. The Plaintiff then requested additional time to respond to the objection. In the disposition of the Motion for Summary Judgment, the Court considered the exhibits so as to consider all evidence in the light most favorable to the Plaintiff. The Court made no determination as to the admissibility of the evidence. Having found that the disputed attachments have no bearing on the Plaintiff's ability to establish defect or causation, the Defendants' Objection is overruled as moot. The Plaintiff's Motion for Enlargement of time to respond is also moot, and thus denied.

## V. Conclusion

Because the Plaintiff cannot meet her burden of proof at trial, summary judgment is GRANTED in favor of Defendants [DN 48, mooting DN 42 and DN 44]. The Plaintiff's Request for Oral Hearing is DENIED [DN 58]. The Plaintiff's Motion for Enlargement of Time is DENIED as moot [DN 72].

cc: counsel of record