UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION 1:04-CV-132(M)

DEBRA LYNN HONAKER                                              PLAINTIFF

V.

INNOVA, INC. AND HSN LP                                         DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on Honaker's Motion to Alter, Amend, or Vacate judgment based on Fed. R. Civ. P. 59(e).  Honaker has also filed a Motion to Amend her complaint.  Fully briefed, these matters are ripe for decision.

**FACTS**

This Court recently awarded judgment in this case to Defendants Innova, Inc. and HSN LP.  Following judgment, Honaker obtained new counsel and filed a motion to alter or amend based on newly discovered evidence and manifest injustice.  The basis of the claims of newly discovered evidence relates to warnings issued in late 2006 and early 2007 by Underwriters Laboratories about Innova pressure cookers.  Honaker also presents evidence that the United States Consumer Product Safety Commission recalled Innova pressure cookers in November, 2006.

**STANDARD OF REVIEW**

A district court may grant a motion to alter or amend judgement under Rule 59(e) upon a showing of: (1) "clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consolidated Schools, 469 F.3d 479, 496 (6th Cir. 2006).

**DISCUSSION**

Honaker asserts that the judgment granted in favor of Defendants should be amended based on either newly discovered evidence or manifest injustice. The claims will be addressed in turn.

As for the new evidence, "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable." GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999), citing School District No. 1J, Multnomah County, Oregon v. AcandS, Inc. 5 F.3d 1255, 1263 (9th Cir. 1993); Javetz v. Board of Control, Grand Valley State University, 903 F.Supp. 1181, 1191 (W.D.Mich.1995)(and cases cited therein); Charles A. Wright, 11 Federal Practice and Procedure § 2810.1 at 127-28 (1995). This Court's final judgment was entered on April, 25, 2007. By Honaker's own presentation, the evidence that she considers "new" was available months prior to the entry of that judgment. The Underwriters Laboratories issued warnings on November 2, 2006 and February 5, 2007. The Consumer Product Safety Commission issued its recall on November 30, 2006. This evidence was available well in advance of the Court's judgment, and therefore may not be considered as new evidence in this case.

Honaker also submits that this case should be reopened based on manifest injustice. Honaker submits that in light of her extensive injuries it would be manifestly unjust for the Defendants to escape liability. "A decision 'is clearly erroneous and would work a manifest injustice,' if the data relied upon to make that decision ignores or fails to account for the circumstances the data is supposed to reflect." E.E.O.C. v. United Association of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada, Local No. 120, 235 F.3d 244, 251 (6th Cir. 2000), quoting Arizona v. California, 460 U.S. 605, 619 (1983). The Court believes the prior decision in this case, which granted summary judgment to Defendants, was soundly based on the evidence and facts before it.

The Court was well aware at that time, as it remains, that Honaker suffered extensive injuries in a pressure cooker accident. Even in light of her extensive injuries, however, she failed to present a method by which she could prove her case against the Defendants. The same is true now. The "new" evidence presented by Honaker was available prior to the Court's judgment. Further, the matter of Underwriters Laboratories listings was contested prior to the Court's judgment. "A decision to reopen this case would subvert the judicial imperative of bringing litigation to an end and would serve no need other than to correct what has--in hindsight--turned out to be [a] poor strategic decision" by Honaker. See GenCorp, Inc. v. American International Underwriters,178 F.3d 804, 834 (6th Cir. 1999).

The arguments presented here could have been presented prior to judgment. "A motion under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998), citing FDIC v. World

3

University Inc., 978 F.2d 10, 16 (1st Cir. 1992). This is not a case where previously unavailable evidence has been presented or where manifest injustice will result from the Court's prior decision. This case was litigated for approximately two and a half years. Having lost her case, Honaker now seeks to obtain the proverbial "second bite of the apple" while utilizing the services of new counsel. The Court's decision issued on April 24, 2007, will remain unaltered.

## CONCLUSION

For all the reasons provided herein, Honaker's Motion to Alter, Amend or Vacate is DENIED [DN 87]. Honaker has failed to present sufficient reason for the Court to amend or alter the final judgment in this case. There are no grounds on which the Court to grant the Motion to Amend the complaint, for final judgment has been granted. Thus, Honaker's Motion to Amend the complaint is also DENIED [DN 88].

cc: counsel of record